**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4946-16T3

DAVID SPENCER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 12, 2018 – Decided February 5, 2019

Before Judges Vernoia and Moynihan.

On appeal from the New Jersey Department of Corrections.

David Spencer, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant David Spencer appeals from a New Jersey Department of Corrections (DOC) final agency decision upholding the disciplinary hearing officer's (DHO) decision finding appellant guilty of committing prohibited acts under N.J.A.C. 10A:4-4.1(a): .009A for "misuse, possession, distribution, sale, or intent to distribute or sell, an electronic communication device . . . that is not authorized for use or detention by an inmate who is assigned to a [r]esidential [c]ommunity [r]elease [p]rogram," N.J.A.C. 10A:4-4.1(a)(3)(i); *.207, prohibiting "possession of money or currency (in excess of $50.00) unless specifically authorized," N.J.A.C. 10A:4-4.1(a)(2)(xviii); .257 for "violating a condition of any [r]esidential [c]ommunity [p]rogram and or [r]esidential [c]ommunity [r]elease [p]rogram," N.J.A.C. 10A:4-4.1(a)(5)(iv); and .305 prohibiting "lying[] [or] providing a false statement to a staff member," N.J.A.C. 10A:4-4.1(a)(4)(iv).

The record evidence relied upon by the DHO confirms that the charges arose from an incident at a community release program facility where appellant was assigned. After appellant returned to the facility from a work detail, the shift supervisor conducted a pat-down search and felt what he believed to be contraband concealed in appellant's groin area. Security-wand passes of the area were positive. Appellant denied possessing any contraband. He refused five

directives to enter a holding cell and left the area where the search was conducted. DOC officers later removed appellant from the facility and returned him to East Jersey State Prison. There, he reported that the supervisor touched his genitals during the search. That allegation triggered Prison Rape Elimination Act[1] protocol, part of which entailed a review of appellant's telephone communications. During the review, a DOC investigator discovered a telephone communication made by appellant the day after the incident at the facility during which he discussed both $300 and a cell phone. As to the former, he asked if the other party received the cash. As to the latter, he told the other party to keep the phone, described the supervisor's attempt to search him, discussed how he denied possession of any contraband and admitted he passed his "shit off" when he left the area, stating, "all this time I had it in my [b]riefs."

Appellant contends the DHO's findings were not based on substantial evidence that he committed the prohibited acts, N.J.A.C. 10A:4-9.15, because: the reports relied upon by the DHO "may have been false or altered"; it was "not right [or] legal" for the DHO to rely "only on the evidence being presented by staff and not the violator"; and the physical evidence appellant was alleged to have possessed – a cell phone and $300 – was not immediately seized and was

---

[1] See 34 U.S.C. §§ 30301 to 30309.

not produced at the hearing. Appellant also argues the DHO "made a pre-disposed opinion regarding [his] guilt" as shown by the summary of evidence she wrote in the Adjudication of Disciplinary Charge and that the charges against him were inaccurate and motivated only by his complaint that the supervisor of the community release facility "touched him inappropriately" during a pat-down search. We are unpersuaded by any of appellant's arguments and affirm.

The Legislature vested the DOC with broad discretion in matters concerning facilities management, including offender discipline. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). In our limited role reviewing a prison disciplinary decision, we determine the hearing officer's decision was based on substantial evidence in the record in compliance with N.J.A.C. 10A:4-9.15(a), Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 190-91 (App. Div. 2010), "'[s]ubstantial evidence' [being] 'such evidence as a reasonable mind might accept as adequate to support a conclusion,'" id. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

The record indicates appellant and his counsel-substitute listened to the recorded telephone call. The DHO, after a hearing at which appellant was provided counsel-substitute, found: the reports regarding the supervisor's pat-

down search and wanding, together with her review of the telephone call made by appellant, proved the 009A and *.207 charges; although appellant submitted to the pat-down search and wanding, the reports of appellant's refusal to enter the holding cell and leaving the area after the searches indicated a concealed item proved the .257 violation; and the reports of his denial of possession of contraband, together with the evidence supporting that he possessed it, proved the .305 charge.

The DHO considered and rejected appellant's explanations and defenses: (1) possession of the phone could not be proved without the immediate seizure of the phone and production of same at the hearing; (2) the possession of money charge could not be proved by mere discussion of it during a telephone call; (3) he allowed the supervisor's pat-down search, thus complying with the program's rules; and (4) he did not lie to staff because he never made the allegation that the supervisor inappropriately touched him or, as alternatively argued by counsel-substitute, he did not deliberately intend to deceive staff. The totality of the evidence presented, including the reports and appellant's recorded telephone communications, is substantial evidence supporting the DHO's findings that appellant committed the charged prohibited acts. N.J.A.C. 10A:4-

5

9.14(a); <u>Figueroa</u>, 414 N.J. Super. at 191-92. We also note, appellant's actions prevented the immediate seizure of the contraband.

We determine appellant's arguments regarding the DHO's prejudgment of the case and that the false charges were motivated by his complaint about the supervisor's touching of appellant's genitals to be without sufficient merit to warrant discussion in this written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4946-16T3